## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN SPIEGEL and ALAN SPIEGEL,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDIN AUCTIONS, LLC and KENNETH GOLDIN, et al.,<br><br>Defendants. | Case No. 1:23-cv-01202-KMW-EAP<br><br>Hon. Karen M. Williams<br>Hon. Elizabeth A. Pascal |

### DEFENDANTS GOLDIN AUCTIONS, LLC AND KENNETH GOLDIN'S
### ANSWER AND DEFENSES TO COMPLAINT

Defendants Goldin Auctions, LLC and Kenneth Goldin, by and through their undersigned counsel, hereby submit their Answer and Defenses to the Complaint as follows:

### ANSWER

### PARTIES

1.      Defendants admit the allegations in Paragraph 1.

2.      Defendants admit the allegations in Paragraph 2.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants admit that Goldin Holdings, Inc. is the sole and managing member of Goldin Auctions.  Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit the allegations in Paragraph 7.

8.      Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9.      Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9.

10.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     Defendants admit that Plaintiffs allege damages in excess of $2,000,000.00 in the present case.  Defendants deny any remaining allegations in Paragraph 11.

12.     Defendants admit the allegations in Paragraph 12.

13.     Defendants admit that they are domiciled in New Jersey and Delaware.  Defendants deny any remaining allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are legal conclusions and therefore do not require a response.  To the extent a response is required, Defendants admit the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are legal conclusions and therefore do not require a response.  To the extent a response is required, Defendants admit the allegations in Paragraph 15.

## GENERAL BACKGROUND OF THE SPORTS CARD INDUSTRY

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit that the total sports card market is valued by some in the billions of dollars, with growth projections in the billions of dollars in the next several years.  Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in Paragraph 18.

19.     The referenced articles published by The Wall Street Journal and Forbes speak for themselves, and Defendants deny the allegations in Paragraph 19 to the extent they are inconsistent therewith.

20.     Defendants admit that the sports card industry can be both a hobby and a business. Defendants deny any remaining allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21.

22.     Defendants admit the allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 24.

25.     Defendants admit that collectors pursue various cards and that the value of a card is generally dictated by numerous different factors, which may include, but are not limited to, the factors listed in Paragraph 25.  Defendants deny any remaining allegations in Paragraph 25.

26.     Defendants admit that, as to the condition of the card, the grading and authentication companies determine whether a card is genuine or fake and grade the condition of the card based on numerous different factors, which may include, but are not limited to, the factors listed in Paragraph 26.  Defendants deny any remaining allegations in Paragraph 26.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 31.

**THE DEFENDANTS' AND OTHER PLAYERS' ROLES IN THE INDUSTRY**

32.     Defendants admit the allegations in Paragraph 32.

33.     Defendants admit the allegations in Paragraph 33.

34.     Defendants admit that Goldin Auctions is an auction house.  Otherwise, the referenced webpage speaks for itself, and Defendants deny the remaining allegations in Paragraph 34 to the extent they are inconsistent therewith.

35.     The referenced webpages speak for themselves, and Defendants deny the allegations in Paragraph 35 to the extent they are inconsistent therewith.

36.     The referenced webpage speaks for itself, and Defendants deny the allegations in Paragraph 36 to the extent they are inconsistent therewith.

37.     The referenced webpage speaks for itself, and Defendants deny the allegations in Paragraph 37 to the extent they are inconsistent therewith.

38.     Defendants admit that the value of an item can climb towards the end of an auction. Otherwise, the referenced webpage speaks for itself, and Defendants deny the remaining allegations in Paragraph 38 to the extent they are inconsistent therewith.

39.     Defendants admit that Mr. Goldin is the Founder and CEO of Goldin Auctions. Defendants deny the remaining allegations in Paragraph 39.

40.     Defendants admit that Beckett Grading Service ("Beckett") is a grading and authentication service that assigns overall grades to a card and any autograph that appears on the

card, assigns "sub-grades" that are printed on its label and that show the grade for each of the four categories identified in Paragraph 26 above, and uses a "black label" to represent that a card received a 10 on all four sub-categories.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants admit that Collectors Universe, Inc. does business as Professional Sports Authenticator ("PSA"), which is a competitor of Beckett.  Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants admit the allegations in Paragraph 48.

49.     Defendants admit the allegations in Paragraph 49.

50.     Defendants admit that a user operated the Instagram account @cardporn, which had thousands of followers.  Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants admit that the user who operated the Instagram account @cardporn made posts regarding the sports trading card market.  Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 52.

53.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55.

**THE SPIEGELS' LEBRON JAMES ROOKIE PATCH AUTO**

56.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 56.

57.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 57.

58.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 58.

59.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 59.

60.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 60.

61.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 61.

62.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 62.

63.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 63.

64.    Defendants admit the allegations Paragraph 64.

65.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 65 and its footnote.

66.    The referenced letter speaks for itself, and Defendants deny the allegations in Paragraph 66 to the extent they are inconsistent therewith.

67.    Defendants admit the allegations Paragraph 67.

68.    Defendants admit that a manufacturer of a card is a reliable source for information concerning the authenticity of a card.  Defendants deny any remaining allegations in Paragraph 68.

69.    The referenced letter speaks for itself, and Defendants deny the allegations in the first sentence of Paragraph 69 to the extent they are inconsistent therewith.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 69.

70.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 70.

71.    Defendants admit that Beckett assigned a grade of "9 – Mint" to the LeBron RPA Card.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 71.

72.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 72.

73.    The referenced card speaks for itself, and Defendants deny the allegations in Paragraph 73 to the extent they are inconsistent therewith.

74.    Defendants admit the allegations in Paragraph 74.

75.    The referenced card speaks for itself, and Defendants deny the allegations in Paragraph 75 to the extent they are inconsistent therewith.

76.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 76.

77.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 77.

78.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 78.

79.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 81.

82.     The referenced post speaks for itself, and Defendants deny the allegations in Paragraph 82 to the extent they are inconsistent therewith.

83.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first clause of Paragraph 83.  Otherwise, the referenced post speaks for itself, and Defendants deny the remaining allegations in Paragraph 83 to the extent they are inconsistent therewith.

84.     The referenced post, link, and images speak for themselves, and Defendants deny the allegations in Paragraph 84 and its footnote to the extent they are inconsistent therewith.

85.     The referenced post speaks for itself, and Defendants deny the allegations in Paragraph 85 to the extent they are inconsistent therewith.

86.     The referenced post and link speak for themselves, and Defendants deny the allegations in Paragraph 86 to the extent they are inconsistent therewith.

87.     The referenced post and image speak for themselves, and Defendants deny the allegations in the first sentence of Paragraph 87 to the extent they are inconsistent therewith. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 87.

88.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 88.

89.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 are legal conclusions and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.     The referenced posts speak for themselves, and Defendants deny the allegations in Paragraph 91 to the extent they are inconsistent therewith.

92.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 92.

93.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 93.

94.     The referenced post speaks for itself, and Defendants deny the allegations in Paragraph 94 to the extent they are inconsistent therewith.

95.     The referenced posts speak for themselves, and Defendants deny the allegations in Paragraph 95 to the extent they are inconsistent therewith.

96.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 96.

97.     The referenced image speaks for itself, and Defendants deny the allegations in Paragraph 97 to the extent they are inconsistent therewith.

98.     The referenced image speaks for itself, and Defendants deny the allegations in Paragraph 98 to the extent they are inconsistent therewith.

99.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 99.

100.     The referenced image speaks for itself, and Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 100.

101.     The referenced image speaks for itself, and Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 101.

102.     The referenced image speaks for itself, and Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 102 and its footnote.

103.     The referenced image speaks for itself, and Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 103.

104.     The referenced image speaks for itself, and Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 104.

105.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

**SPIEGELS WORK WITH GA TO SELL THE LEBRON RPA CARD**

107.     Defendants deny the allegations in Paragraph 107.

108.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 108.

109.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 109.

110.    Defendants admit that Plaintiffs placed the LeBron RPA Card for auction with Goldin Auctions in June 2021.  Defendants deny the remaining allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants admit that Mr. Goldin was familiar with the LeBron RPA Card and the controversy surrounding the LeBron RPA Card.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 112.

113.    Defendants admit the allegations in Paragraph 113.

114.    Defendants admit the allegations in Paragraph 114.

115.    Defendants admit the allegations in Paragraph 115.

116.    Defendants admit the allegations in Paragraph 116.

117.    Defendants admit the allegations in Paragraph 117.

118.    Defendants admit the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants admit the allegations in Paragraph 120.

121.    Defendants admit the allegations in Paragraph 121.

122.    Defendants admit the allegations in Paragraph 122.

123.    Defendants admit that Steven Spiegel texted Mr. Goldin: "ur the man and u have my loyalty and You know I have urs" and "Hence Lelands and heritage both reached out to me pissed I don't give them the card[.]"  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 123.

124.    Defendants admit that the listing went live on June 10, 2021.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 124.

125.    Defendants admit that Steven Spiegel's name was briefly included in the listing and that, on June 11, 2021, Mr. Goldin texted Mr. Spiegel: "It was up for few mins. Art dept f***ed up it's been gone for 30 mins[.]"  Defendants deny the remaining allegations in Paragraph 125.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 127.

## GA DECIDES TO WITHDRAW THE LEBRON RPA CARD

128.    Defendants admit that Goldin Auctions withdrew the LeBron RPA Card from the auction on June 11, 2021.  Defendants deny the remaining allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants admit that Mr. Goldin called to tell the Spiegels that Goldin Auctions was withdrawing the auction.  Defendants deny any remaining allegations in Paragraph 130.

131.    Defendants admit that Goldin Auctions withdrew the auction based on Upper Deck's retraction of its letter dated October 16, 2019.  Defendants deny the remaining allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

133.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 133.

134.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    The referenced post speaks for itself, and Defendants deny the allegations in Paragraph 136 to the extent they are inconsistent therewith.

137.    The referenced post speaks for itself, and Defendants deny the allegations in Paragraph 137 to the extent they are inconsistent therewith.

138.    The referenced posts speak for themselves, and Defendants deny the allegations in Paragraph 138 to the extent they are inconsistent therewith.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    The referenced post speaks for itself, and Defendants deny the allegations in Paragraph 147 to the extent they are inconsistent therewith.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    The referenced e-mail speaks for itself, and Defendants deny the allegations in Paragraph 151 to the extent they are inconsistent therewith.

152.    Defendants admit the allegations in Paragraph 152.

153.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 153.

154.    Defendants admit the allegations in Paragraph 154.

155.    Defendants admit that, on June 21, 2021, Mr. Goldin asked what, if any, "special arrangements" Plaintiffs were able to make to retrieve the card and stated that he was "trying to get another offer from the potential client."   Defendants deny the remaining allegations in Paragraph 155.

156.    The allegations in Paragraph 156 are legal conclusions and therefore do not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158 and its footnote.

159.    Defendants admit that, on June 22, 2021, Plaintiffs sent Mr. Goldin a return label and stated "please use label attached to return."   Defendants deny the remaining allegations in Paragraph 159.

160.    The referenced post speaks for itself, and Defendants deny the allegations in Paragraph 160 to the extent they are inconsistent therewith.

161.    The referenced auction results speak for themselves, and Defendants deny the allegations in Paragraph 161 to the extent they are inconsistent therewith.

162.    Defendants admit that the LeBron RPA Card held a higher grade than the card referenced in Paragraph 161.  Defendants deny the remaining allegations in Paragraph 162.

163.    Defendants admit the allegations in Paragraph 163.

164.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 164.

165.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 165.

166.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 166.

167.    The referenced communication speaks for itself, and Defendants deny the allegations in Paragraph 167 to the extent they are inconsistent therewith.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants admit that, on July 1, 2021, it was announced that Collectors Holdings LP acquired Goldin Auctions for an unspecified sum.  Defendants deny the remaining allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants admit that Mr. Goldin has interacted and shared some exposure with the @cardporn Instagram account.  Defendants deny the remaining allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176.

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

## COUNT ONE: BREACH OF FIDUCIARY DUTY
*(As to GA and Goldin)*

181.    Defendants incorporate their responses to the allegations set forth in Paragraphs 1

through 177 above by reference as if set forth fully herein.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants deny the allegations in Paragraph 191.

192.    Defendants deny the allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195.

196.    Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198 and the accompanying request

for relief.

## COUNT TWO: TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### *(As to GA, Goldin, and John Does 1 through 10)*

199.    Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 194 above by reference as if set forth fully herein.

200.    Defendants deny the allegations in Paragraph 200.

201.    Defendants deny the allegations in Paragraph 201.

202.    Defendants deny the allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 204.

205.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 205.

206.    Defendants deny the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants deny the allegations in Paragraph 208.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants deny the allegations in Paragraph 212 and the accompanying request for relief.

## COUNT THREE: FRAUD IN THE INDUCEMENT
### *(As to GA)*

213.    Goldin Auctions incorporates its responses to the allegations set forth in Paragraphs 1 through 207 above by reference as if set forth fully herein.

214.    Goldin Auctions admits the allegations in Paragraph 214.

215.    Goldin Auctions admits that the LeBron RPA Card was a rookie card, contained a patch, and featured an autograph purported to be from LeBron James.  Goldin Auctions denies the remaining allegations in Paragraph 215.

216.    Goldin Auctions admits that Mr. Goldin has made public remarks about the value of LeBron James collectibles based on his acclaim.   Goldin Auctions denies the remaining allegations in Paragraph 216.

217.    Goldin Auctions denies the allegations in Paragraph 217.

218.    Goldin Auctions admits the allegations in Paragraph 218.

219.    Goldin Auctions admits that Plaintiffs shared some information about the LeBron RPA Card.  Goldin Auctions lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 219.

220.    Goldin Auctions denies the allegations in Paragraph 220.

221.    Goldin Auctions denies the allegations in Paragraph 221.

222.    Goldin Auctions denies the allegations in Paragraph 222.

223.    Goldin Auctions denies the allegations in Paragraph 223.

224.    Goldin Auctions denies the allegations in Paragraph 224.

225.    Goldin Auctions denies the allegations in Paragraph 225.

226.    Goldin Auctions denies the allegations in Paragraph 226.

227.    Goldin Auctions lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 227.

228.    Goldin Auctions denies the allegations in Paragraph 228.

229.    Goldin Auctions denies the allegations in Paragraph 229.

230.    Goldin Auctions denies the allegations in Paragraph 230.

231.     Goldin Auctions denies the allegations in Paragraph 231.

232.     Goldin Auctions denies the allegations in Paragraph 232.

233.     Goldin Auctions denies the allegations in Paragraph 233.

234.     Goldin Auctions denies the allegations in Paragraph 234.

235.     Goldin Auctions denies the allegations in Paragraph 235.

236.     Goldin Auctions denies the allegations in Paragraph 236.

237.     Goldin Auctions denies the allegations in Paragraph 237.

238.     Goldin Auctions denies the allegations in Paragraph 238.

239.     Goldin Auctions denies the allegations in Paragraph 239 and the accompanying request for relief.

### COUNT FOUR: BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
*(As to GA)*

240.     Goldin Auctions incorporates its responses to the allegations set forth in Paragraphs 1 through 231 above by reference as if set forth fully herein.

241.     Goldin Auctions denies the allegations in Paragraph 241.

242.     Goldin Auctions denies the allegations in Paragraph 242.

243.     Goldin Auctions denies the allegations in Paragraph 243.

244.     Goldin Auctions denies the allegations in Paragraph 244.

245.     Goldin Auctions denies the allegations in Paragraph 245.

246.     Goldin Auctions denies the allegations in Paragraph 246.

247.     Goldin Auctions denies the allegations in Paragraph 247.

248.     Goldin Auctions denies the allegations in Paragraph 248.

249.     Goldin Auctions denies the allegations in Paragraph 249.

250.     Goldin Auctions denies the allegations in Paragraph 250.

251.    Goldin Auctions denies the allegations in Paragraph 251 and the accompanying request for relief.

## COUNT FOUR: VIOLATION(S) OF NEW JERSEY CONSUMER FRAUD ACT
### *(As to Goldin and GA)*

252.    Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 240 above by reference as if set forth fully herein.

253.    Defendants deny the allegations in Paragraph 253.

254.    Defendants deny the allegations in Paragraph 254.

255.    Defendants admit that the website for Goldin Auctions states that certain individuals, including Mr. Goldin, are subject matter experts.  Defendants deny any remaining allegations in Paragraph 255.

256.    Defendants deny the allegations in Paragraph 256.

257.    Defendants deny the allegations in Paragraph 257.

258.    Defendants deny the allegations in Paragraph 258.

259.    Defendants deny the allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

261.    Defendants deny the allegations in Paragraph 261.

262.    Defendants deny the allegations in Paragraph 262.

263.    Defendants deny the allegations in Paragraph 263.

264.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 264.

265.    Defendants deny the allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.

267.    Defendants deny the allegations in Paragraph 267.

268.    Defendants deny the allegations in Paragraph 268.

269.    Defendants deny the allegations in Paragraph 269.

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants deny the allegations in Paragraph 271.

272.    Defendants deny the allegations in Paragraph 272 and the accompanying request for relief.

## DEFENSES

Without assuming the burden of proof or persuasion where it otherwise rests with Plaintiffs, Defendants assert the following affirmative defenses to the Complaint.

### FIRST DEFENSE

Plaintiffs' claims are barred for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of waiver, unclean hands, laches, accord and satisfaction, release, payment, and/or estoppel.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the acts or omissions of Plaintiffs.

### FIFTH DEFENSE

Plaintiffs failed to exercise reasonable care.

### SIXTH DEFENSE

Plaintiffs' claims are barred by the terms of the parties' consignment agreement.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs had knowledge and consented to Defendants' alleged improper conduct.

## EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith at all times.

## NINTH DEFENSE

Plaintiffs' claims are barred by the economic loss rule.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because their injuries, if any, were caused by one or more intervening or superseding causes.

## ELEVENTH DEFENSE

Plaintiffs' alleged damages were not proximately caused by Defendants.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because they failed to mitigate any alleged damages or harm they may have suffered.

## THIRTEENTH DEFENSE

Defendants give notice that they intend to rely on any other defense that may become available or appear during the proceedings in this case and reserve the right to amend their Answer and Defenses to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendants deny Plaintiffs' requests for relief in their entirety.  Accordingly, Defendants pray that judgment be entered in their favor and against

Plaintiffs as to all claims in Plaintiffs' Complaint, that they be awarded the costs of this action, and that they be awarded such other and further relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Defendants demand a trial by jury for all claims so triable.

Dated:  January 26, 2024          Respectfully submitted,

*/s/ Reade W. Seligmann*
Reade W. Seligmann (N.J. Bar No. 070482014)
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016
reade.seligmann@alston.com
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

Jonathan D. Parente (*pro hac vice* forthcoming)
Andrew A. Roberts (*pro hac vice* forthcoming)
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
jonathan.parente@alston.com
andrew.roberts@alston.com
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel for Defendants*
*Goldin Auctions, LLC and Kenneth Goldin*

## CERTIFICATE OF SERVICE

I certify that on January 26, 2024, I electronically filed the foregoing Defendants Goldin Auctions, LLC and Kenneth Goldin's Answer and Defenses to Complaint using the Court's CM/ECF system, which will automatically send notification of such filing to all counsel of record.

/s/ Reade W. Seligmann
Reade W. Seligmann (N.J. Bar No. 070482014)
**ALSTON & BIRD LLP**

*Counsel for Defendants*
*Goldin Auctions, LLC and Kenneth Goldin*