410 Peachtree Parkway, Suite 4245
Cumming, GA 30041
www.tklaw-ga.com



**Travis A. Knobbe, Esq.**
travisk@tklaw-ga.com
(470) 820-2810

**Excellence. Expertise. Presence.**

**March 4, 2025**

<u>*Via E-Mail Only*</u>
Honorable Elizabeth A. Pascal
United States Magistrate Judge for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 5C
Camden, NJ 08101
E-mail: njdnef_pascal@njd.uscourts.gov

> **RE:    Spiegel, et. al. v. Goldin Auctions, LLC, et. al.**
> **Civil Action No.: 1:23-cv-1202-KMW**
> **Letter Concerning Settlement Efforts**

Dear Judge Pascal:

We write this letter in follow up to the most recent status conference held by this Court on January 31, 2025, and the order resulting from that status conference. *See* Doc. 83.

In its Order, the Court ordered Defendants to produce all communications between Ken Goldin and Cardporn between June 19, 2023, and June 23, 2023. Counsel agreed by e-mail exchange on February 13, 2025, that the parties interpreted this to reference June 9, 2021, through June 13, 2021. In response to this Order of the Court, the Defendants represented in an e-mail dated February 14, 2025, that the only communications between Ken Goldin and Cardporn that Defendants can produce during the period of June 9-13, 2021, are found at GOLDIN000815-817, which were previously produced in this case. Counsel for Defendants made this representation twice before. As such, the Defendants effectively represent for the third time (and this time in response to an Order of this Court) that the only written communications between Cardporn and Ken Goldin from June 9 through 13, 2021 that Defendants have preserved is that series of text messages produced at GOLDIN000815-000817.

Counsel for the Goldin Auctions, LLC, and Ken Goldin (collectively, "Goldin") asked whether Steven and Alan Spiegel (collectively, the "Spiegels") still intended to pursue sanctions for spoliation, and they affirmed that they did. The parties met and conferred on this topic by telephone on March 3, 2025. They have been unable to resolve the dispute, a summary of which follows.

By e-mail sent on June 14, 2021, at 1:39 AM, Goldin told Steven Spiegel: "I have all of your texts with Card Porn John [sic] and now I've got this ass posting on my page[.]" GOLDIN000408. When asked where he got these messages from during his deposition, Goldin testified, "I don't know if Steven sent them to me or if Juan [Cardporn's "real" name] sent them to me." Deposition of Ken

P a g e | **2**
Honorable Elizabeth A. Pascal
March 4, 2025

Goldin, 147:20-23. The parties have produced all communications between Steven Spiegel and Ken Goldin (and between Alan Spiegel and Ken Goldin), and those communications do not contain gaps. Those communications do *not* include the text messages between Steven Spiegel and Cardporn that Goldin claimed to possess. Moreover, the Spiegels would attest that they did not send any such messages to Goldin. Based on his own testimony, Goldin could have *only* received these messages from Cardporn. As such, Goldin's own admission in his June 14, 2021, email coupled with his deposition testimony demonstrates unequivocally that Goldin received *written communications from Cardporn* that have not been produced, despite request having been made for the same.

The sole messages between Goldin and Cardporn that Goldin produced from this period carry time stamps of June 9, 2021 at 10:14 PM (EST) through June 9, 2021 at 11:42 PM (EST). At the conclusion of this exchange, Cardporn tells Goldin that the Upper Deck letter written about the card "clears the card." That exchange does *not* include any messages by which Cardporn transmits messages between the Spiegels and Cardporn. The communications between the Spiegels and Cardporn occurred largely between June 10 and June 13, meaning Cardporn had to have communicated with Goldin at some point between Goldin's June, 9, 2021 at 11:42 PM message to Cardporn and his June 14, 2021 at 1:39 AM email to Steven Spiegel. By virtue of Goldin's counsel's representations, the most recent of which was on February 14, 2025, in response to an Order of this Court, we can surmise further that these written communications no longer exist.

To be clear, the Spiegels *are not seeking the messages between the Spiegels and Cardporn* for the contents of same. Instead, the Spiegels point to the lack of production of same as an unequivocal admission that Goldin had *more communications with Cardporn in writing than he has produced in this case*. It also shows that Goldin had those communications in his possession as of June 14, 2021 at 1:39 AM. Various other evidence in this case, including, but not limited to, messages between Cardporn and Kyle Yerkes, messages between Michael Cramer and buybuymj, testimony of Chris Carlin, testimony of Ken Goldin, and text messages between Ken Goldin and then-Goldin-CEO Ross Hoffman further demonstrates that Goldin had communications with Cardporn after June 9, 2021 at 11:42 PM. These communications are *highly probative*.

The Spiegels alleged in the Complaint that Goldin improperly relied upon and even solicited information from Cardporn to justify his withdrawal of the auction, a fact which Goldin denies. Nonetheless, in a text message exchange between Goldin and his team, Goldin told his team on June 11, 2021, at 7:34 PM, "Well the good news is Upper deck actually *gave me an out* if you could not tell from the zoom I wanted to pull [the Spiegels' LeBron RPA] but *I thought I would have legal liability* if I did." He continued, "we were relying on their letter and as soon as they said they have doubts about it *gave me the <u>excuse</u> to pull it*[,]" GOLDIN000575 (emphasis added).

Based on a text message Goldin received from Michael Cramer on June 11, 2021, at 1:48 PM, in which Cramer said, "cardporn reached out to … and is supposedly talking to someone from [Upper Deck]," Goldin knew that Cardporn called Upper Deck to plant those "doubts." Cramer sent this message *after* Goldin told Cramer, "I'm also concerned about my consignor I work for my consignors and I still do not want to get into any legal liability from them for 'damaging the value of their collectible.'" GOLDIN000702-000705. Less than an hour later, Goldin sent a message to Ross Hoffman on June 11, 2021 at 3:44 PM (EST), "Upper deck retracted lettet [sic] They just called me[.]" Less than one minute later, Goldin added, "CArd [sic] porn did this[.]" After withdrawing the auction, Goldin posted a public advertisement of the withdrawal in which he credited Cardporn "for all their

P a g e | **3**
Honorable Elizabeth A. Pascal
March 4, 2025

behind the scenes work throughout this process from the time the preview hit to when we pulled the card," which post Goldin subsequently edited to remove the reference to Cardporn. Complaint, ¶¶ 136-37.

There exists such a stark (and unexplained) contrast between the June 9 message Cardporn sent to Goldin—that the Upper Deck letter cleared the card—and Goldin crediting Cardporn for behind the scenes work that led to Goldin's withdrawal of the auction. Indeed, the evidence demonstrates Goldin *must have* had *substantive* written communications with Cardporn concerning the Spiegels' LeBron RPA between the messages Goldin produced dated June 9 and the e-mail Goldin sent dated June 14 (in which Goldin admits he had such an exchange). Nonetheless, despite all the effort that has gone into this case since the Spiegels filed their Complaint on March 1, 2023, Goldin has not produced messages between Goldin and Cardporn (exchanged sometime between June 9, 2021 at 11:43 PM and June 14, 2021 at 1:39 AM) that Goldin admits *did exist as of June 14, 2021*. In fact, Goldin has affirmatively represented through his counsel on at least three occasions that such written messages *do not exist today*. There is only one reasonable conclusion: those messages were deleted.[1]

As shown in two of the messages discussed above, Goldin appreciated (even more than the Spiegels did) that he had potential legal liability to the Spiegels as early as June 11, 2021. It was certainly foreseeable to Goldin in that context that he had an obligation to preserve such critical messages between him and Cardporn. This in addition to other relevant evidence that Goldin maintains no longer exists or cannot be produced from around the same time period, including communications and photographs which Goldin admittedly relied upon to question the validity of the subject card. At this point, the contemplated Motion for Sanctions Due to Spoliation of Evidence is ripe for filing and consideration by this Court.

As a final note, there *might* be a remaining dispute concerning the phone records produced by Goldin as required during the January 31, 2025, status conference. The issue may be premature, but phone records showing text messages exchanged between Goldin and the parties referenced in the pertinent discovery requests have not yet been produced, and the undersigned awaits a response as to whether the failure was an oversight or whether there is reason to seek this Court's intervention. If the Court seeks to hold a telephonic hearing on whether the Motion for Sanctions Due to Spoliation of Evidence is ripe, the undersigned thought it prudent to note that another issue may require resolution by that time. If the issue is otherwise resolved in the interim, counsel will so apprise this Court before or during such hearing.

Very Truly Yours,

Travis A. Knobbe

---

[1] Through counsel, Goldin has offered the "possibility" that he had these messages recited to him over the phone by Cardporn, but this "explanation" contradicts the testimony from Goldin that either Steven Spiegel or Cardporn *sent* them to Goldin.

Page | 4
Honorable Elizabeth A. Pascal
March 4, 2025

FREEMAN MATHIS & GARY LLP

BY: */s/ William W. Cheney*

William W. Cheney, III (Local Counsel)